IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOHSEN MOHAMED and OAKLAND M&M, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMCO INSURANCE COMPANY and DOES 1-20,<br><br>Defendants. | Case No. 13-0958 SC<br><br>ORDER GRANTING MOTION TO <u>DISMISS</u> |

I.   **INTRODUCTION**

   Plaintiffs Mohsen Mohamed and Oakland M&M, Inc. ("M&M" or "Insured") (collectively "Plaintiffs") sued Defendant AMCO Insurance Company ("Defendant") for a variety of common law claims arising from Defendant's refusal to pay benefits under an insurance contract.  Now before the Court is Defendant's motion to dismiss Plaintiffs' complaint.  ECF No. 1 ("Notice of Removal") Ex. 1 ("Compl.")[1]; ECF No. 10 ("MTD").  The matter is fully briefed, ECF

---

[1] The Court's citations to the complaint refer to the page numbers of the exhibit in which the complaint appears.

United States District Court
For the Northern District of California

1 Nos. 13 ("Opp'n"), 17 ("Reply"), and appropriate for decision

2 without oral argument, Civ. L.R. 7-1(b).  As explained below, the

3 Court GRANTS Defendant's motion.

4

5 **II.   BACKGROUND**

6     This is a dispute over an insurance contract.  M&M, a

7 California corporation, obtained a "Premier Businessowners Policy"

8 from AMCO.  ECF No. 10-1 (Decl. of Joseph Wucher ISO Def.'s MTD

9 ("Wucher Decl.")) Ex. 1 (the "Policy") at 1-05.[2]  The Policy

10 covers M&M's real property (the "property"), a convenience store

11 and gas station in Oakland.  Compl. at 4.  Mr. Mohamed owns all of

12 M&M's stock.  Id.  He is not named as an insured under the Policy's

13 property coverage -- only M&M is.  See id.; see also Policy at 1-05

14 (stating that M&M is the "Named Insured").

15     On October 17, 2011, a burglary occurred at the property.

16 Compl. at 4.  M&M notified Defendant of the burglary and submitted

17 a proof of loss for damages resulting from the burglary.  Compl. at

18 4.  Defendant denied M&M's claim on the grounds that its burglary

19 alarm system was "inadequate and deficient" at the time of the

20 burglary, and the Policy will not cover property losses from

21 burglaries unless the insured property is outfitted with a burglary

22 alarm system that fits the Policy's requirements.  Id. at 6.  M&M

23 disputes Defendant's denial, asserting that it had "an operable

24 alarm system installed at the insured location and . . . an alarm

25 monitoring agreement in force with an independent alarm monitoring

26 ───────────────────

27 [2] The Court takes judicial notice of the Policy since it is
incorporated by reference into Plaintiffs' complaint.  The Exhibit
including the Policy is broken up into ECF Nos. 10-1, 10-2, and 10-

28 3, but as it is consecutively paginated, the Court cites to page
numbers without reference to the ECF numbers.

United States District Court
For the Northern District of California

1   company."  Compl. at 4.

2        In response to the claim's denial, Plaintiffs sued Defendant

3   in state court for breach of contract, breach of the implied

4   covenant of good faith and fair dealing, intentional

5   misrepresentation, and deceit.  Defendant removed the suit to

6   federal court.  The core of Plaintiffs' complaint is that

7   Defendant, in order to obtain Plaintiffs' business, misrepresented

8   to Plaintiffs that the Policy would cover property losses related

9   to burglaries and robberies, even though Defendant knew it would

10  not.  See Compl. at 6-7.  Defendant now moves to dismiss, arguing

11  that (1) Mr. Mohamed has no standing to sue for denial of insurance

12  benefits, because he is not an "insured" under the Policy, and (2)

13  Plaintiffs' intentional misrepresentation and deceit claims are not

14  pled with sufficient particularity to satisfy Federal Rule of Civil

15  Procedure 9(b), and in any event, Plaintiffs cannot state claims

16  for those causes of action.

17

18  III.  **LEGAL STANDARD**

19        A.   **Motions to Dismiss**

20        A motion to dismiss under Federal Rule of Civil Procedure

21  12(b)(6) "tests the legal sufficiency of a claim." Navarro v.

22  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

23  on the lack of a cognizable legal theory or the absence of

24  sufficient facts alleged under a cognizable legal theory."

25  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

26  1988).  "When there are well-pleaded factual allegations, a court

27  should assume their veracity and then determine whether they

28  plausibly give rise to an entitlement to relief." Ashcroft v.

3

1  <u>Iqbal</u>, 556 U.S. 662, 679 (2009).  However, "the tenet that a court

2  must accept as true all of the allegations contained in a complaint

3  is inapplicable to legal conclusions.  Threadbare recitals of the

4  elements of a cause of action, supported by mere conclusory

5  statements, do not suffice."  <u>Id.</u> (citing <u>Bell Atl. Corp. v.</u>

6  <u>Twombly</u>, 550 U.S. 544, 555 (2007)).  The court's review is

7  generally "limited to the complaint, materials incorporated into

8  the complaint by reference, and matters of which the court may take

9  judicial notice."  <u>Metzler Inv. GMBH v. Corinthian Colls., Inc.</u>,

10 540 F.3d 1049, 1061 (9th Cir. 2008) (citing <u>Tellabs, Inc. v. Makor</u>

11 <u>Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007)).

12      **B.   Rule 9(b)**

13      Claims sounding in fraud are subject to the heightened

14 pleading requirements of Federal Rule of Civil Procedure 9(b),

15 which requires that a plaintiff alleging fraud "must state with

16 particularity the circumstances constituting fraud."  <u>See</u> <u>Kearns v.</u>

17 <u>Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy

18 Rule 9(b), a pleading must identify the who, what, when, where, and

19 how of the misconduct charged, as well as what is false or

20 misleading about [the purportedly fraudulent] statement, and why it

21 is false."  <u>United States ex rel Cafasso v. Gen. Dynamics C4 Sys.</u>,

22 <u>Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks

23 and citations omitted).

24 ///

25 ///

26 ///

27 ///

28 **IV.   <u>DISCUSSION</u>**

**United States District Court**
For the Northern District of California

1      **A.   Plaintiff Mohamed's Standing**

2      A party's standing to bring a legal challenge is a threshold

3  issue that must be resolved prior to reaching the merits of the

4  party's claim.  See Scott v. Pasadena Unified Sch. Dist., 306 F.3d

5  646, 654 (9th Cir. 2002).  In order to establish standing, a

6  plaintiff must show that he has suffered the "invasion of a legally

7  protected interest."  Id.  That interest may be protected by law or

8  by contract.  See, e.g., Hatchwell v. Blue Shield of Calif., 198

9  Cal. App. 3d 1027, 1034 (Cal. Ct. App. 1988).

10      Plaintiffs assert that Mr. Mohamed is insured under the Policy

11  because he is the sole owner and shareholder of M&M and therefore

12  meets the Policy's own definition of "insured."  Opp'n at 2.

13  Plaintiffs also claim that Gantman v. United Pacific Insurance Co.,

14  232 Cal. App. 3d 1560, 1566 (Cal. Ct. App. 1991), supports their

15  argument that owners or shareholders of a closely held corporation

16  have standing in insurance disputes in which the policy names only

17  the corporation.  Id.  Defendant replies that (1) while Mr. Mohamed

18  may be insured under the Policy's third-party liability section, he

19  is not an insured under the first-party property loss claim

20  section, which covers burglaries; (2) Mr. Mohamed is not insured by

21  definition under the property loss section of the Policy, because

22  that section's definition of insured is limited to the Named

23  Insured, M&M; and (3) no case law supports Plaintiffs' argument

24  that Mr. Mohamed has standing, under any theory, to bring a claim

25  based on denials of benefits under the Policy.  Reply at 2-3.

26      Defendant is right.  First, Plaintiffs cite sections of the

27  Policy's third-party liability portion to support their contention

28  that Mr. Mohamed is a "Named Insured" under the policy.  See Opp'n

**United States District Court**
For the Northern District of California

1  at 1-2 (citing Policy at 1-70 (providing that for insured LLCs,

2  managers are insured with respect to their duties as managers)).

3  However, Defendant is correct that because Plaintiffs' insurance

4  claim arises from a burglary at the property, the claim is governed

5  by the first-party property loss section of the Policy, and that

6  section limits who is insured under the Policy to the Named

7  Insured, M&M.  Policy at 1-05, 1-06, 1-18.  The Policy's definition

8  reaches no further.  Id. at 1-05, 1-06.

9      Second, M&M as a corporation is a separate legal entity from

10  Mr. Mohamed, and even if he is the owner and sole shareholder of

11  M&M, he is not interchangeable with M&M as a legal claimant under

12  the Policy.  M&M is the only Named Insured under the section of the

13  Policy that would cover a burglary claim.  Policy at 1-05, 1-06, 1-

14  18.

15      Third, Plaintiffs' own authority supports this limitation:

16  "[a] nonparty who is nevertheless entitled to policy benefits, such

17  as an 'insured' person under the terms of the policy or an express

18  beneficiary, has standing only if [he or she] is the claimant whose

19  benefits are wrongfully withheld." Gantman, 232 Cal. App. 3d at

20  1566 (quoting Hatchwell, 198 Cal. App. 3d at 1034) (internal

21  quotations and citations omitted).  As Gantman and Hatchwell

22  explain, even though Mr. Mohamed might stand to gain when M&M

23  gains, the benefits Plaintiffs seek belong only to M&M, the

24  corporation.  Id. at 1568; Hatchwell, 198 Cal. App. 3d at 1034.

25      The Court finds that Mr. Mohamed is not an insured under the

26  Policy, and no exceptions in the Policy or relevant case law

27  provide otherwise.  He therefore has no standing to sue based on an

28  alleged denial of the Policy's benefits.  Plaintiffs' claims as to

1   Mr. Mohamed are all DISMISSED WITH PREJUDICE.

2       **B.   <u>Plaintiffs' Intentional Misrepresentation and Deceit</u>**

3            **<u>Claims</u>**

4       Plaintiffs' claims for intentional misrepresentation and

5   deceit sound in fraud.  They must therefore be pled with

6   particularity under Rule 9(b).  This means that Plaintiffs must

7   identify "the who, what, when, where, and how of the misconduct

8   charged, as well as what is false or misleading about [the

9   purportedly fraudulent] statement, and why it is false." <u>Cafasso</u>,

10  637 F.3d 1047 at 1055.

11          **i.   <u>Intentional Misrepresentation</u>**

12      The elements of a claim for intentional misrepresentation are:

13  (1) the defendant made a misrepresentation, including a false

14  representation, concealment, or nondisclosure; (2) the defendant

15  had knowledge that the statement was false; (3) the defendant acted

16  with intent to defraud or induce reliance; (4) the plaintiff

17  justifiably relied on the defendant's statement; and (5) the

18  plaintiff was damaged by that reliance.  <u>See</u> <u>Firoozye v. Earthlink</u>

19  <u>Network</u>, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001).

20      Defendant argues that Plaintiffs' pleading does not meet Rule

21  9(b)'s pleading standard and, in any event, the facts pled show

22  that Plaintiffs cannot state a claim.  Plaintiffs state first that

23  they met Rule 9(b)'s heightened pleading standard, noting that they

24  pled "when" the fraud claim arose: the date when Defendant denied

25  the request for burglary loss coverage.  Opp'n at 3.  Plaintiffs

26  also state that the "Protective Safeguards" Endorsement of the

27  Policy (the "Endorsement") -- a modification to the Policy

28  requiring that the insured maintain certain protective safeguards

**United States District Court**
For the Northern District of California

7

United States District Court
For the Northern District of California

1  at the property -- did not feature the symbol "P-7," which is an

2  additional alteration to the Endorsement that specifically requires

3  a "Central Station Burglar Alarm protecting the entire building."

4  Id.

5      Since the Endorsement did not include a P-7 symbol, Plaintiffs

6  assert that Defendant's denial of Plaintiffs' claim for lacking a

7  required burglar alarm has no legal or factual basis.  Id.

8  However, the Endorsement does include specific exclusions stating

9  that Defendant would not pay for loss or damage caused by burglary

10 if the insured did not inform Defendant of a "suspension or

11 impairment" in any protective safeguard or if the insured failed to

12 maintain any protective safeguard against burglary or robbery "in

13 complete working order."  See id.  Moreover, the Endorsement

14 indicates that as a condition of the insurance, Plaintiff is

15 required to maintain applicable protective devices "as designated

16 at each premises by symbol in the Declarations," and the

17 Declarations of the Policy indeed provide that P-7 is designated

18 for Plaintiff's property even though the Endorsement page lacks a

19 P-7 symbol.

20     Even so, Plaintiffs assert that without the addition of P-7 to

21 the Endorsement pages themselves, which bear only the "P-9" symbol

22 and no description of what it means, the Policy is ambiguous.  See

23 id.  Plaintiff further states that ambiguities in an insurance

24 policy must be construed against the insurer, and that a limitation

25 in an insurance policy's coverage must be in understandable, plain

26 language that does not render the policy ineffectual for its

27 intended purpose (e.g., to cover property losses from a burglary).

28 Id. (citing California v. Allstate Ins. Co., 45 Cal. 4th 1008, 1018

1  (Cal. 2009); <u>Safeway Ins. Co. v. Robert S.</u>, 26 Cal. 4th 758, 764-

2  765 (Cal. 2009)).  Accordingly, Plaintiff urges the Court to

3  interpret the Policy in a way that would not require the Central

4  Station Burglar Alarm described in P-7, despite P-7's appearance in

5  the Declarations.

6      Defendant responds that interpretation of an insurance policy

7  is a question of law, citing <u>Waller v. Truck Ins. Exch. Inc.</u>, 11

8  Cal. 4th 1, 18 (Cal. 1995), for the principle that the Policy

9  should be read according to its plain terms.  Reply at 5 (citing

10  Policy at 1-95, 1-96).  Defendant asserts that the Policy's plain

11  terms eliminate coverage when the insured fails to maintain

12  protective safeguards for its property (e.g., burglar alarms) or

13  fails to notify Defendant of "suspension or impairment" to a

14  safeguard.  <u>Id.</u>  According to Defendant, since the Declarations

15  require the P-7 protective measure even though the Endorsement

16  schedule lists only P-9, the plain language of the Endorsement

17  indicates that it is the symbols listed in the Declaration that

18  govern, not the schedule in the Endorsement.  <u>See</u> Reply at 5-6.

19      The Court finds for Defendant on this issue.  The plain

20  language of the Endorsement's "Condition" section states: "As a

21  condition of this insurance, you [i.e., the Named Insured M&M] are

22  required to maintain the applicable protective devices or services

23  . . . for burglary and robbery, denoted by . . . [symbol P-7], as

24  designated at each premises by symbol in the Declarations."

25  Nothing in this language purports to make the Endorsement's

26  schedule binding.  Moreover, since the P-7 symbol clearly appears

27  in the Policy's Declaration, Policy at 1-09, there can be no

28  confusion: Plaintiffs were required to maintain a Central Station

**United States District Court**
For the Northern District of California

1   Burglar Alarm according to P-7 under the Endorsement.

2        In this context, even absent a dispute over the Policy's

3   interpretation, the Court does not find that Plaintiffs have met

4   any of Rule 9(b)'s pleading standards as to its intentional

5   misrepresentation claim.  Plaintiffs have simply not indicated any

6   facts suggesting that Defendant misled Plaintiffs as to the

7   burglary alarm requirements, or that Defendant's refusal to pay

8   Plaintiffs' claim was anything but, at best, a breach of contract.

9   Since Plaintiffs' assertions as to this cause of action are

10  implausible, and amendment would be futile, Plaintiffs' intentional

11  misrepresentation claim is DISMISSED.  Plaintiffs have leave to

12  amend if they are able to plead the "who, what, when, where, and

13  how" of Defendant's alleged misrepresentations made in convincing

14  Plaintiffs to enter a contract.  Since the Court's findings as to

15  the Policy's interpretation are made as a matter of law, <u>Waller</u>, 11

16  Cal. 4th at 18, Plaintiffs may not re-plead a misrepresentation

17  claim based on the same legal theory dismissed above.

18        **ii.   <u>Deceit</u>**

19        Plaintiffs' claim for deceit is difficult to distinguish from

20  their claim for intentional misrepresentation, because "deceit" and

21  "intentional misrepresentation" are two terms for the same tort of

22  fraud.  5 Witkin, <u>Summary of Cal. Law Torts</u> § 772, p. 1121 (10th

23  ed. 2005) ("The elements of fraud, which give rise to the tort

24  action for deceit, are (a) misrepresentation (false representation,

25  concealment, or nondisclosure); (b) knowledge of falsity (or

26  'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

27  justifiable reliance; and (e) resulting damage.").

28        However, based on the subtitle for Plaintiffs' claim

**United States District Court**
For the Northern District of California

1   ("entering into insurance contract with no intent to perform") as

2   well as the claim's substantive allegations, it appears that

3   Plaintiffs are pleading a claim for promissory fraud, and the Court

4   will therefore construe Plaintiffs' claim liberally to avoid its

5   being merely duplicative of Plaintiffs' deficient intentional

6   misrepresentation claim.  "Promissory fraud is a subspecies of the

7   action for fraud and deceit.  A promise to do something necessarily

8   implies the intention to perform; hence, where a promise is made

9   without such intention, there is an implied misrepresentation of

10  fact that may be actionable fraud."  Lazar v. Super. Ct., 12 Cal.

11  4th 631, 638 (Cal. 1996) (quotations and citations omitted).  "An

12  action for promissory fraud may lie where a defendant fraudulently

13  induces the plaintiff to enter into a contract."  Id. (quotations

14  and citations omitted).

15       Defendant argues that Plaintiffs fail to plead this claim with

16  specificity, and that in any event, Plaintiffs' facts do not

17  support their claim.  In opposition to Defendant's argument on

18  specificity, Plaintiffs copy and paste their allegations from the

19  complaint.  See Opp'n at 4 (quoting Compl. at 11).[3]  These

20  allegations concern Plaintiffs' arguments as to the omission of P-7

21  from the Policy's modifications as to protective systems, as

22  described above.  See id.  Plaintiffs assert that the absence of P-

23

────────────────

24  [3] Defendant objects to Plaintiffs' quoting this section of the
    complaint in their opposition brief in support of the deceit claim,

25  because that page of the complaint, the "Exemplary Damages
    Attachment," does not state that it incorporates by reference the

26  other pages of the complaint.  Reply at 4 n.3.  The Court
    disregards this argument.  Plaintiffs' pleadings were evidently

27  clear enough to enable Defendant to understand the nature and
    extent of the incorporation.  In any event, if Plaintiffs re-plead

28  their complaint, they should make their incorporations by reference
    clearer.

**United States District Court**
For the Northern District of California

7 proves that Defendant intended to defraud Plaintiffs, since, according to Plaintiffs, there can be no other credible or logical explanation for Defendant's denial of Plaintiffs' claim.  Id. Apart from those facts, the remainder of Plaintiffs' deceit pleadings are purely conclusory statements, like the allegation that Defendant omitted P-7 "intentionally with malice, fraud, and oppression."  Id.

None of Plaintiffs' allegations about deceit or promissory fraud are plausible or specific enough to state a claim.  Again, since the Policy Declaration requires a Central System Burglar Alarm, Plaintiffs have pleaded at most a breach of contract if they indeed had such a system in place.  Plaintiffs insist the facts of the complaint and the relationship between insurer and insured lead to a conclusion that Defendant must have meant to defraud Plaintiffs, but the Court finds this untenable: a claim sounding in fraud must show much more than this to be plausible.  Further, regardless of whether Plaintiffs meant their deceit claim to be an alternative to their fraudulent misrepresentation claim or, more properly, a promissory fraud claim, the deficiencies of their pleadings as described above render the claim unsupportable.

Plaintiffs' deceit claim is DISMISSED.  Plaintiffs have leave to amend if they are able to correct the factual deficiencies described above.  If Plaintiffs do re-plead this claim, they should clarify exactly what tort they are pleading, and they must also keep in mind that (as above) the Court's interpretation of the Policy is a matter of law.

///

///

**United States District Court**
For the Northern District of California

**V.    CONCLUSION**

For the reasons explained above, the Court GRANTS Defendant AMCO Insurance Company's motion to dismiss Plaintiffs Mohsen Mohamed and Oakland M&M, Inc.'s complaint.  All of Plaintiffs' claims as to Mr. Mohamed are DISMISSED WITH PREJUDICE.  Plaintiffs' intentional misrepresentation and deceit claims are DISMISSED with leave to amend, per above.  Plaintiffs' breach of contract and breach of the implied covenant of good faith and fair dealing remain in the case as to Plaintiff Oakland M&M, Inc.

Plaintiffs have thirty (30) days from this Order's signature date to file an amended complaint.  If they do not, the deficient claims may be dismissed with prejudice.


IT IS SO ORDERED.


Dated: April 22 , 2013          _____

                               UNITED STATES DISTRICT JUDGE

13