**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOHSEN MOHAMED and OAKLAND M&M, INC., | Case No. 13-0958 SC |
| Plaintiffs, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| AMCO INSURANCE COMPANY and DOES 1-20, | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiffs Mohsen Mohamed and Oakland M&M, Inc. ("M&M" or "Insured") (collectively "Plaintiffs") sued Defendant AMCO Insurance Company ("Defendant") for a variety of common law claims arising from Defendant's refusal to pay benefits under an insurance contract.  Now before the Court is Defendant's motion to dismiss Plaintiffs' complaint.  ECF No. 1 ("Notice of Removal") Ex. 1 ("Compl.")[1]; ECF No. 10 ("MTD").  The matter is fully briefed, ECF

---

[1] The Court's citations to the complaint refer to the page numbers of the exhibit in which the complaint appears.

**United States District Court**
For the Northern District of California

1   Nos. 13 ("Opp'n"), 17 ("Reply"), and appropriate for decision

2   without oral argument, Civ. L.R. 7-1(b).  As explained below, the

3   Court GRANTS Defendant's motion.

4

5   **II.   BACKGROUND**

6        This is a dispute over an insurance contract.  M&M, a

7   California corporation, obtained a "Premier Businessowners Policy"

8   from AMCO.  ECF No. 10-1 (Decl. of Joseph Wucher ISO Def.'s MTD

9   ("Wucher Decl.")) Ex. 1 (the "Policy") at 1-05.[2]   The Policy

10  covers M&M's real property (the "property"), a convenience store

11  and gas station in Oakland.  Compl. at 4.  Mr. Mohamed owns all of

12  M&M's stock.  Id.  He is not named as an insured under the Policy's

13  property coverage -- only M&M is.  See id.; see also Policy at 1-05

14  (stating that M&M is the "Named Insured").

15       On October 17, 2011, a burglary occurred at the property.

16  Compl. at 4.  M&M notified Defendant of the burglary and submitted

17  a proof of loss for damages resulting from the burglary.  Compl. at

18  4.  Defendant denied M&M's claim on the grounds that its burglary

19  alarm system was "inadequate and deficient" at the time of the

20  burglary, and the Policy will not cover property losses from

21  burglaries unless the insured property is outfitted with a burglary

22  alarm system that fits the Policy's requirements.  Id. at 6.  M&M

23  disputes Defendant's denial, asserting that it had "an operable

24  alarm system installed at the insured location and . . . an alarm

25  monitoring agreement in force with an independent alarm monitoring

26  _____

27  [2] The Court takes judicial notice of the Policy since it is
    incorporated by reference into Plaintiffs' complaint.  The Exhibit
    including the Policy is broken up into ECF Nos. 10-1, 10-2, and 10-

28  3, but as it is consecutively paginated, the Court cites to page
    numbers without reference to the ECF numbers.

**United States District Court**
For the Northern District of California

1  company."  Compl. at 4.

2      In response to the claim's denial, Plaintiffs sued Defendant

3  in state court for breach of contract, breach of the implied

4  covenant of good faith and fair dealing, intentional

5  misrepresentation, and deceit.  Defendant removed the suit to

6  federal court.  The core of Plaintiffs' complaint is that

7  Defendant, in order to obtain Plaintiffs' business, misrepresented

8  to Plaintiffs that the Policy would cover property losses related

9  to burglaries and robberies, even though Defendant knew it would

10 not.  See Compl. at 6-7.  Defendant now moves to dismiss, arguing

11 that (1) Mr. Mohamed has no standing to sue for denial of insurance

12 benefits, because he is not an "insured" under the Policy, and (2)

13 Plaintiffs' intentional misrepresentation and deceit claims are not

14 pled with sufficient particularity to satisfy Federal Rule of Civil

15 Procedure 9(b), and in any event, Plaintiffs cannot state claims

16 for those causes of action.

17

18 III.  **LEGAL STANDARD**

19      A.  **Motions to Dismiss**

20      A motion to dismiss under Federal Rule of Civil Procedure

21 12(b)(6) "tests the legal sufficiency of a claim." Navarro v.

22 Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

23 on the lack of a cognizable legal theory or the absence of

24 sufficient facts alleged under a cognizable legal theory."

25 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

26 1988).  "When there are well-pleaded factual allegations, a court

27 should assume their veracity and then determine whether they

28 plausibly give rise to an entitlement to relief." Ashcroft v.

United States District Court
For the Northern District of California

1   Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court

2   must accept as true all of the allegations contained in a complaint

3   is inapplicable to legal conclusions.  Threadbare recitals of the

4   elements of a cause of action, supported by mere conclusory

5   statements, do not suffice."  Id. (citing Bell Atl. Corp. v.

6   Twombly, 550 U.S. 544, 555 (2007)).  The court's review is

7   generally "limited to the complaint, materials incorporated into

8   the complaint by reference, and matters of which the court may take

9   judicial notice."  Metzler Inv. GMBH v. Corinthian Colls., Inc.,

10  540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor

11  Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

12      **B.   Rule 9(b)**

13      Claims sounding in fraud are subject to the heightened

14  pleading requirements of Federal Rule of Civil Procedure 9(b),

15  which requires that a plaintiff alleging fraud "must state with

16  particularity the circumstances constituting fraud."  See Kearns v.

17  Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy

18  Rule 9(b), a pleading must identify the who, what, when, where, and

19  how of the misconduct charged, as well as what is false or

20  misleading about [the purportedly fraudulent] statement, and why it

21  is false."  United States ex rel Cafasso v. Gen. Dynamics C4 Sys.,

22  Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks

23  and citations omitted).

24  ///

25  ///

26  ///

27  ///

28  **IV.   DISCUSSION**

4

United States District Court
For the Northern District of California

1    **A.   Plaintiff Mohamed's Standing**

2        A party's standing to bring a legal challenge is a threshold

3    issue that must be resolved prior to reaching the merits of the

4    party's claim.  See Scott v. Pasadena Unified Sch. Dist., 306 F.3d

5    646, 654 (9th Cir. 2002).  In order to establish standing, a

6    plaintiff must show that he has suffered the "invasion of a legally

7    protected interest."  Id.  That interest may be protected by law or

8    by contract.  See, e.g., Hatchwell v. Blue Shield of Calif., 198

9    Cal. App. 3d 1027, 1034 (Cal. Ct. App. 1988).

10       Plaintiffs assert that Mr. Mohamed is insured under the Policy

11   because he is the sole owner and shareholder of M&M and therefore

12   meets the Policy's own definition of "insured."  Opp'n at 2.

13   Plaintiffs also claim that Gantman v. United Pacific Insurance Co.,

14   232 Cal. App. 3d 1560, 1566 (Cal. Ct. App. 1991), supports their

15   argument that owners or shareholders of a closely held corporation

16   have standing in insurance disputes in which the policy names only

17   the corporation.  Id.  Defendant replies that (1) while Mr. Mohamed

18   may be insured under the Policy's third-party liability section, he

19   is not an insured under the first-party property loss claim

20   section, which covers burglaries; (2) Mr. Mohamed is not insured by

21   definition under the property loss section of the Policy, because

22   that section's definition of insured is limited to the Named

23   Insured, M&M; and (3) no case law supports Plaintiffs' argument

24   that Mr. Mohamed has standing, under any theory, to bring a claim

25   based on denials of benefits under the Policy.  Reply at 2-3.

26       Defendant is right.  First, Plaintiffs cite sections of the

27   Policy's third-party liability portion to support their contention

28   that Mr. Mohamed is a "Named Insured" under the policy.  See Opp'n

5

United States District Court
For the Northern District of California

at 1-2 (citing Policy at 1-70 (providing that for insured LLCs, managers are insured with respect to their duties as managers)). However, Defendant is correct that because Plaintiffs' insurance claim arises from a burglary at the property, the claim is governed by the first-party property loss section of the Policy, and that section limits who is insured under the Policy to the Named Insured, M&M.  Policy at 1-05, 1-06, 1-18.  The Policy's definition reaches no further.  Id. at 1-05, 1-06.

Second, M&M as a corporation is a separate legal entity from Mr. Mohamed, and even if he is the owner and sole shareholder of M&M, he is not interchangeable with M&M as a legal claimant under the Policy.  M&M is the only Named Insured under the section of the Policy that would cover a burglary claim.  Policy at 1-05, 1-06, 1-18.

Third, Plaintiffs' own authority supports this limitation: "[a] nonparty who is nevertheless entitled to policy benefits, such as an 'insured' person under the terms of the policy or an express beneficiary, has standing only if [he or she] is the claimant whose benefits are wrongfully withheld." Gantman, 232 Cal. App. 3d at 1566 (quoting Hatchwell, 198 Cal. App. 3d at 1034) (internal quotations and citations omitted).  As Gantman and Hatchwell explain, even though Mr. Mohamed might stand to gain when M&M gains, the benefits Plaintiffs seek belong only to M&M, the corporation.  Id. at 1568; Hatchwell, 198 Cal. App. 3d at 1034.

The Court finds that Mr. Mohamed is not an insured under the Policy, and no exceptions in the Policy or relevant case law provide otherwise.  He therefore has no standing to sue based on an alleged denial of the Policy's benefits.  Plaintiffs' claims as to

1  Mr. Mohamed are all DISMISSED WITH PREJUDICE.

2       B.   **Plaintiffs' Intentional Misrepresentation and Deceit**

3           **Claims**

4       Plaintiffs' claims for intentional misrepresentation and

5  deceit sound in fraud.  They must therefore be pled with

6  particularity under Rule 9(b).  This means that Plaintiffs must

7  identify "the who, what, when, where, and how of the misconduct

8  charged, as well as what is false or misleading about [the

9  purportedly fraudulent] statement, and why it is false." Cafasso,

10 637 F.3d 1047 at 1055.

11        i.   **Intentional Misrepresentation**

12      The elements of a claim for intentional misrepresentation are:

13 (1) the defendant made a misrepresentation, including a false

14 representation, concealment, or nondisclosure; (2) the defendant

15 had knowledge that the statement was false; (3) the defendant acted

16 with intent to defraud or induce reliance; (4) the plaintiff

17 justifiably relied on the defendant's statement; and (5) the

18 plaintiff was damaged by that reliance.  See Firoozye v. Earthlink

19 Network, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001).

20      Defendant argues that Plaintiffs' pleading does not meet Rule

21 9(b)'s pleading standard and, in any event, the facts pled show

22 that Plaintiffs cannot state a claim.  Plaintiffs state first that

23 they met Rule 9(b)'s heightened pleading standard, noting that they

24 pled "when" the fraud claim arose: the date when Defendant denied

25 the request for burglary loss coverage.  Opp'n at 3.  Plaintiffs

26 also state that the "Protective Safeguards" Endorsement of the

27 Policy (the "Endorsement") -- a modification to the Policy

28 requiring that the insured maintain certain protective safeguards

1   at the property -- did not feature the symbol "P-7," which is an

2   additional alteration to the Endorsement that specifically requires

3   a "Central Station Burglar Alarm protecting the entire building."

4   Id.

5          Since the Endorsement did not include a P-7 symbol, Plaintiffs

6   assert that Defendant's denial of Plaintiffs' claim for lacking a

7   required burglar alarm has no legal or factual basis.  Id.

8   However, the Endorsement does include specific exclusions stating

9   that Defendant would not pay for loss or damage caused by burglary

10  if the insured did not inform Defendant of a "suspension or

11  impairment" in any protective safeguard or if the insured failed to

12  maintain any protective safeguard against burglary or robbery "in

13  complete working order."  See id.  Moreover, the Endorsement

14  indicates that as a condition of the insurance, Plaintiff is

15  required to maintain applicable protective devices "as designated

16  at each premises by symbol in the Declarations," and the

17  Declarations of the Policy indeed provide that P-7 is designated

18  for Plaintiff's property even though the Endorsement page lacks a

19  P-7 symbol.

20         Even so, Plaintiffs assert that without the addition of P-7 to

21  the Endorsement pages themselves, which bear only the "P-9" symbol

22  and no description of what it means, the Policy is ambiguous.  See

23  id.  Plaintiff further states that ambiguities in an insurance

24  policy must be construed against the insurer, and that a limitation

25  in an insurance policy's coverage must be in understandable, plain

26  language that does not render the policy ineffectual for its

27  intended purpose (e.g., to cover property losses from a burglary).

28  Id. (citing California v. Allstate Ins. Co., 45 Cal. 4th 1008, 1018

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  (Cal. 2009); <u>Safeway Ins. Co. v. Robert S.</u>, 26 Cal. 4th 758, 764-

2  765 (Cal. 2009)).  Accordingly, Plaintiff urges the Court to

3  interpret the Policy in a way that would not require the Central

4  Station Burglar Alarm described in P-7, despite P-7's appearance in

5  the Declarations.

6       Defendant responds that interpretation of an insurance policy

7  is a question of law, citing <u>Waller v. Truck Ins. Exch. Inc.</u>, 11

8  Cal. 4th 1, 18 (Cal. 1995), for the principle that the Policy

9  should be read according to its plain terms.  Reply at 5 (citing

10  Policy at 1-95, 1-96).  Defendant asserts that the Policy's plain

11  terms eliminate coverage when the insured fails to maintain

12  protective safeguards for its property (e.g., burglar alarms) or

13  fails to notify Defendant of "suspension or impairment" to a

14  safeguard.  <u>Id.</u>  According to Defendant, since the Declarations

15  require the P-7 protective measure even though the Endorsement

16  schedule lists only P-9, the plain language of the Endorsement

17  indicates that it is the symbols listed in the Declaration that

18  govern, not the schedule in the Endorsement.  <u>See</u> Reply at 5-6.

19       The Court finds for Defendant on this issue.  The plain

20  language of the Endorsement's "Condition" section states: "As a

21  condition of this insurance, you [i.e., the Named Insured M&M] are

22  required to maintain the applicable protective devices or services

23  . . . for burglary and robbery, denoted by . . . [symbol P-7], as

24  designated at each premises by symbol in the Declarations."

25  Nothing in this language purports to make the Endorsement's

26  schedule binding.  Moreover, since the P-7 symbol clearly appears

27  in the Policy's Declaration, Policy at 1-09, there can be no

28  confusion: Plaintiffs were required to maintain a Central Station

**United States District Court**
For the Northern District of California

1   Burglar Alarm according to P-7 under the Endorsement.

2       In this context, even absent a dispute over the Policy's

3   interpretation, the Court does not find that Plaintiffs have met

4   any of Rule 9(b)'s pleading standards as to its intentional

5   misrepresentation claim.  Plaintiffs have simply not indicated any

6   facts suggesting that Defendant misled Plaintiffs as to the

7   burglary alarm requirements, or that Defendant's refusal to pay

8   Plaintiffs' claim was anything but, at best, a breach of contract.

9   Since Plaintiffs' assertions as to this cause of action are

10  implausible, and amendment would be futile, Plaintiffs' intentional

11  misrepresentation claim is DISMISSED.  Plaintiffs have leave to

12  amend if they are able to plead the "who, what, when, where, and

13  how" of Defendant's alleged misrepresentations made in convincing

14  Plaintiffs to enter a contract.  Since the Court's findings as to

15  the Policy's interpretation are made as a matter of law, <u>Waller</u>, 11

16  Cal. 4th at 18, Plaintiffs may not re-plead a misrepresentation

17  claim based on the same legal theory dismissed above.

18          **ii.    <u>Deceit</u>**

19      Plaintiffs' claim for deceit is difficult to distinguish from

20  their claim for intentional misrepresentation, because "deceit" and

21  "intentional misrepresentation" are two terms for the same tort of

22  fraud.  5 Witkin, <u>Summary of Cal. Law Torts</u> § 772, p. 1121 (10th

23  ed. 2005) ("The elements of fraud, which give rise to the tort

24  action for deceit, are (a) misrepresentation (false representation,

25  concealment, or nondisclosure); (b) knowledge of falsity (or

26  'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

27  justifiable reliance; and (e) resulting damage.").

28      However, based on the subtitle for Plaintiffs' claim

("entering into insurance contract with no intent to perform") as
well as the claim's substantive allegations, it appears that
Plaintiffs are pleading a claim for promissory fraud, and the Court
will therefore construe Plaintiffs' claim liberally to avoid its
being merely duplicative of Plaintiffs' deficient intentional
misrepresentation claim.  "Promissory fraud is a subspecies of the
action for fraud and deceit.  A promise to do something necessarily
implies the intention to perform; hence, where a promise is made
without such intention, there is an implied misrepresentation of
fact that may be actionable fraud."  Lazar v. Super. Ct., 12 Cal.
4th 631, 638 (Cal. 1996) (quotations and citations omitted).  "An
action for promissory fraud may lie where a defendant fraudulently
induces the plaintiff to enter into a contract."  Id. (quotations
and citations omitted).

    Defendant argues that Plaintiffs fail to plead this claim with
specificity, and that in any event, Plaintiffs' facts do not
support their claim.  In opposition to Defendant's argument on
specificity, Plaintiffs copy and paste their allegations from the
complaint.  See Opp'n at 4 (quoting Compl. at 11).[3]  These
allegations concern Plaintiffs' arguments as to the omission of P-7
from the Policy's modifications as to protective systems, as
described above.  See id.  Plaintiffs assert that the absence of P-

---

[3] Defendant objects to Plaintiffs' quoting this section of the
complaint in their opposition brief in support of the deceit claim,
because that page of the complaint, the "Exemplary Damages
Attachment," does not state that it incorporates by reference the
other pages of the complaint.  Reply at 4 n.3.  The Court
disregards this argument.  Plaintiffs' pleadings were evidently
clear enough to enable Defendant to understand the nature and
extent of the incorporation.  In any event, if Plaintiffs re-plead
their complaint, they should make their incorporations by reference
clearer.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  7 proves that Defendant intended to defraud Plaintiffs, since,

2  according to Plaintiffs, there can be no other credible or logical

3  explanation for Defendant's denial of Plaintiffs' claim.  <u>Id.</u>

4  Apart from those facts, the remainder of Plaintiffs' deceit

5  pleadings are purely conclusory statements, like the allegation

6  that Defendant omitted P-7 "intentionally with malice, fraud, and

7  oppression."  <u>Id.</u>

8      None of Plaintiffs' allegations about deceit or promissory

9  fraud are plausible or specific enough to state a claim.  Again,

10  since the Policy Declaration requires a Central System Burglar

11  Alarm, Plaintiffs have pleaded at most a breach of contract if they

12  indeed had such a system in place.  Plaintiffs insist the facts of

13  the complaint and the relationship between insurer and insured lead

14  to a conclusion that Defendant must have meant to defraud

15  Plaintiffs, but the Court finds this untenable: a claim sounding in

16  fraud must show much more than this to be plausible.  Further,

17  regardless of whether Plaintiffs meant their deceit claim to be an

18  alternative to their fraudulent misrepresentation claim or, more

19  properly, a promissory fraud claim, the deficiencies of their

20  pleadings as described above render the claim unsupportable.

21      Plaintiffs' deceit claim is DISMISSED.  Plaintiffs have leave

22  to amend if they are able to correct the factual deficiencies

23  described above.  If Plaintiffs do re-plead this claim, they should

24  clarify exactly what tort they are pleading, and they must also

25  keep in mind that (as above) the Court's interpretation of the

26  Policy is a matter of law.

27  ///

28  ///

**United States District Court**
For the Northern District of California

V.    **CONCLUSION**

For the reasons explained above, the Court GRANTS Defendant AMCO Insurance Company's motion to dismiss Plaintiffs Mohsen Mohamed and Oakland M&M, Inc.'s complaint.  All of Plaintiffs' claims as to Mr. Mohamed are DISMISSED WITH PREJUDICE.  Plaintiffs' intentional misrepresentation and deceit claims are DISMISSED with leave to amend, per above.  Plaintiffs' breach of contract and breach of the implied covenant of good faith and fair dealing remain in the case as to Plaintiff Oakland M&M, Inc.

Plaintiffs have thirty (30) days from this Order's signature date to file an amended complaint.  If they do not, the deficient claims may be dismissed with prejudice.


IT IS SO ORDERED.


Dated: April 22 , 2013          _____

                                  UNITED STATES DISTRICT JUDGE